KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hearman Newton, | No. CV 13-1874-PHX-DGC (MEA) |
| Plaintiff, | |
| vs. | **ORDER** |
| City of Phoenix, et al., | |
| Defendants. | |

Plaintiff Hearman Newton, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will order Defendant Myers to answer Count One of the Complaint and will dismiss the remaining claims and Defendant without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $17.04. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . .

TERMPSREF

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

TERMPSREF

### III. Complaint

Plaintiff names the City of Phoenix and Phoenix Police Officer Michael Myers as Defendants in the Complaint.

Plaintiff raises three claims for relief. In Count One, Plaintiff claims his Fourteenth Amendment rights were violated when Defendant Myers used excessive force on him during arrest. Plaintiff alleges that on February 19, 2013, Defendant Myers arrested Plaintiff for shoplifting and stated in the police report that Plaintiff came toward him with clenched fists. Plaintiff states that this is untrue and that he made no action toward Defendant Myers. Plaintiff claims that Defendant Myers tased him, and then dragged him on the ground after he was unconscious. Plaintiff claims he suffered two torn ligaments in his right shoulder, scrapes and bruises, and cuts on his wrists where the handcuffs were placed too tightly. Plaintiff contends that the force used was unreasonable in light of the circumstances of his arrest.

In Count Two, Plaintiff claims Defendant Myers's actions were negligent and violated Plaintiff's Fourteenth Amendment rights. Plaintiff also states he believes Defendant Myers's actions were the result of bias because Plaintiff is a black man and violated Plaintiff's right to equal protection.

In Count Three, Plaintiff claims that Defendant Myers's actions caused him to suffer emotional and physical distress, in violation of the Fourteenth Amendment.

### IV. Failure to State a Claim

#### A. City of Phoenix

A municipality may not be sued solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. *Id.*; *Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such

1 policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080
2 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P.
3 12(b)(6)).

4 "A municipality's failure to train an employee who has caused a constitutional
5 violation can be the basis for § 1983 liability where the failure to train amounts to
6 deliberate indifference to the rights of person with whom the employee comes into
7 contact." *Long*, 442 F.3d at 1186 (citing *City of Canton v. Harris*, 489 U.S. 378, 388
8 (1989)). "The issue is whether the training program is adequate and if not, whether such
9 inadequate training can justifiably be said to represent municipal policy." *Id.*

10 Plaintiff contends that Defendant City of Phoenix "is negligent [in] supervision
11 and/or training Officer Myers under Arizona law. The City of Phoenix is the moving
12 force behind Plaintiff's pain and suffering because of training, police, practice, policy or
13 custom." This is not sufficient to state a claim against Defendant City of Phoenix.
14 Plaintiff has failed to describe a policy or custom promulgated by the City of Phoenix
15 that resulted in his injuries; to the contrary Plaintiff claims Defendant Myers acted in
16 violation of official policy because he used a taser against Plaintiff even though Plaintiff
17 did not pose a threat. Further, Plaintiff does not allege facts showing that the City of
18 Phoenix failed to adequately train Defendant Myers or that any failure to train amounted
19 to deliberate indifference. Plaintiff has failed to state a claim against Defendant City of
20 Phoenix and the Court will dismiss this Defendant.

21 **B.   Counts Two and Three**

22 Plaintiff's allegations in Counts Two and Three repeat the same facts contained in
23 Count One, but are predicated on a theory of negligence. The Constitution "does not
24 guarantee due care on the part of state officials; liability for negligently inflicted harm is
25 categorically beneath the threshold of constitutional due process." *County of Sacramento*
26 *v. Lewis*, 523 U.S. 833, 849 (1998).

27 To the extent Plaintiff claims in Count Two that Defendant Myer's actions
28 violated his equal protection rights, he has also failed to state a claim. To establish a

TERMPSREF

- 4 -

1  violation of the Equal Protection Clause based on a claim of racial discrimination, a
2  plaintiff must first establish that a defendant acted with a discriminatory intent.
3  *Washington v. Davis*, 426 U.S. 229, 239 (1976).  Plaintiff has alleged that he is a black
4  man, but has not alleged facts showing Defendant Myers acted with discriminatory intent.
5  The Court will dismiss Counts Two and Three for failure to state a claim.

**V.    Claims for Which an Answer Will be Required**

The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures.  *See White by White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986).  The Court will construe Plaintiff's claims in Count One as Fourth Amendment claims.  Liberally construed, Plaintiff's allegations in Count One adequately state a Fourth Amendment excessive force claim and the Court will require Defendant Myers to answer Count One.

**VI.   Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv

5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $17.04.

(3) Counts Two and Three are **dismissed** without prejudice.

(4) Defendant City of Phoenix is **dismissed** without prejudice.

(5) Defendant Myers must answer Count One.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Myers.

(7) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

TERMPSREF

(10)   The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

>   (a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

>   (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11)   **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12)   Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . .

. . .

1    (13)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to
2  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
3  authorized under 28 U.S.C. § 636(b)(1).
4    Dated this 15th day of January, 2014.

```
                              _____
                                     David G. Campbell
                                 United States District Judge
```

**TERMPSREF**