SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hearman Lee Newton, | No. CV 13-1874-PHX-DGC (MEA) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Phoenix, et al., | |
| Defendants. | |

Plaintiff Hearman Lee Newton filed this *pro se* civil rights action claiming excessive force in the course of his arrest. (Doc. 1.) On May 13, 2014, Plaintiff filed a Motion for a Preliminary Injunction that seeks no specific relief. (Doc. 20.) On the same day, he filed a Motion for Reconsideration of the Magistrate's Judge's Order denying appointment of counsel. (Doc. 21.) Plaintiff also filed Objections to the Magistrate Judge's Report and Recommendation now pending before this Court. (Doc. 22; ref. Doc. 18.) Defendant opposes the Motion for a Preliminary injunction. (Doc. 23.) The Court will deny the Motion for a Preliminary injunction.

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948, pp. 129-130 (2d ed. 1995)). An injunction may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

1    of preliminary relief, that the balance of equities tips in his favor, and that an injunction is
2    in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008);
3    *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).
4    The movant has the burden of proof on each element of the test. *Environmental Council*
5    *of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

6    Plaintiff claims that he is going to serve prison time at the Arizona Department of
7    Corrections (ADC) and that there are no law libraries at ADC where he can research
8    issues and litigate his case. (Doc. 20 at 2.)  As Defendant observes, it is unclear what
9    Plaintiff is seeking. If he is seeking a stay of his transfer, Defendant notes that neither the
10   Maricopa County Sheriff's Office nor ADC are parties here and cannot be enjoined in
11   this lawsuit. (Doc. 23 at 2, citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395
12   U.S. 100, 110 (1969) ("one is not bound by a judgment in personam resulting from
13   litigation in which he is not designated as a party or to which he has not been made a
14   party by service of process").) Defendant Officer Myers does not have custody of
15   Plaintiff and has no control over the Fourth Avenue Jail or ADC. (*Id.*)

16   To the extent that the Court can interpret Plaintiff's Motion for a Preliminary
17   Injunction as one related to the Motion for Reconsideration and denial of counsel, it will
18   be denied. Plaintiff is speculating that ADC law libraries are inadequate for the purposes
19   of his litigation. Mere "*[s]peculative* injury does not constitute irreparable harm
20   sufficient to warrant granting a preliminary injunction." *Caribbean Marine Services Co.,*
21   *Inc. v. Baldrige*, 844 F. 2d 668, 674-675 (9th Cir. 1988) (emphasis added). To meet the
22   "irreparable harm" requirement, a plaintiff must do more than merely allege imminent
23   harm; he must demonstrate it. *Id.* at 674. Plaintiff fails to establish that he will be
24   irreparably harmed by failure to immediately appoint counsel. The Court notes that the
25   Motion to Dismiss is fully briefed and that Plaintiff has already filed his objections to the
26   pending Report and Recommendation. (Docs. 8, 11, 15, 22.)  The Motion for
27   Reconsideration will be ruled on in due course.

28

1 **IT IS ORDERED** that the reference to the Magistrate is withdrawn as to Plaintiff's Motion for a Preliminary Injunction (Doc. 20) and the Motion is **denied**.

Dated this 10th day of June, 2014.

_____
David G. Campbell
United States District Judge