**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hearman Lee Newton,<br><br>               Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>               Defendants. | No. CV-13-01874-PHX-DGC<br><br>**ORDER** |

Magistrate Judge Mark Aspey has filed a Report and Recommendation ("R&R") (Doc. 18) regarding Plaintiff Hearman Lee Newton's motion for leave to file an amended complaint (Doc. 12). Plaintiff has filed objections to the R&R (Doc. 22) and Defendant Michael Myers has responded (Doc. 24). For the reasons that follow, the Court declines to accept the R&R and will grant Plaintiff leave to amend.

**I.  Background.**

Plaintiff filed this case in September of 2013 pursuant to 42 U.S.C. § 1983, asserting claims under the Fourth and Fourteenth Amendments. Doc. 1. The Court granted Plaintiff's request to proceed *in forma pauperis*, dismissed the claims under the Fourteenth Amendment, and required Defendant to answer Plaintiff's Fourth Amendment excessive force claim. Doc. 5 at 5. Plaintiff filed a proposed amended complaint on March 6, 2014, alleging that Defendant used excessive force while arresting him in violation of his rights under the Eighth Amendment. Doc. 10, ¶¶ 16-17. Plaintiff's proposed amended complaint alleges that Defendant shot him with a Taser without warning or provocation, again used the Taser while Plaintiff was lying unconscious on the ground, picked up Plaintiff and "slammed him to the ground," "dragged him at least

twenty feet by the handcuffs," "slashed" Plaintiff with a "taser dart," and refused to provide him with medical assistance. *Id.*, ¶¶ 6-13. Plaintiff also filed a motion for leave to amend his complaint on March 17, 2014, requesting that he be allowed to amend his amended complaint "to advance his claims under both the Fourth Amendment and the Eighth Amendment." Doc. 12 at 2. Judge Aspey entered an R&R on April 21, 2014, in which he recommends that the Court deny Plaintiff's request for leave to amend on the ground that Plaintiff's amended complaint would be futile. Doc. 18 at 4.

**II.  Legal Standard.**

A party may file specific, written objections to an R&R within ten days after being served with a copy the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

Rule 15 of the Federal Rules of Civil Procedure declares that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although "this mandate is to be heeded," the Court may deny a motion to amend if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, however, "this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

A district court does not err in denying leave to amend where the amendment would be futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim or defense. *Miller*, 845

F.2d at 214; *see Foman*, 371 U.S. at 182 (stating that "[i]f the underlying facts or circumstances relied upon by a [movant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (stating that "a motion to make an '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim'") (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)).

**III.     Analysis.**

Judge Aspey concluded that Plaintiff's requested amendment would be futile under *Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. 18 at 4. In *Heck*, the Supreme Court considered whether § 1983 permits a damages claim that calls into question the lawfulness of the plaintiff's conviction or confinement. 512 U.S. at 483. The Supreme Court held that a § 1983 plaintiff must prove that his conviction or sentence has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid[.]" *Id.* at 486-87. Judge Aspey found that "*Heck* bars Plaintiff's excessive force claim because Plaintiff was convicted of aggravated assault on Defendant." Doc. 18 at 4. Judge Aspey appears to have concluded that a ruling in favor of Plaintiff's § 1983 claim would necessarily suggest that his conviction was invalid.

Plaintiff cites *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005), for the proposition that he is not precluded from relief. Doc. 22 at 3. In *Smith*, the Ninth Circuit held that "a § 1983 action is not barred under *Heck* unless it is clear from the record that its successful prosecution would *necessarily* imply or demonstrate that the plaintiff's earlier conviction was invalid." *Smith*, 394 F.3d at 699 (emphasis original). The *Smith* court concluded that there was nothing in the record to inform it as to the factual basis of the plaintiff's plea agreement. *Id.* at 698. As a result, the court noted, it was unable to determine whether the plea agreement was based on conduct that occurred before the

plaintiff was arrested, while the plaintiff was being arrested, or both. *Id.* The court found that *Heck* would not bar an excessive force claim based on conduct that occurred before or after the conduct for which a plaintiff pleaded guilty, and concluded that the plaintiff's § 1983 claim was therefore not barred by *Heck*. *Id.* Defendant argues that *Smith* is distinguishable because "Plaintiff alleges only a single continuous series of events in each version of his complaint" and "is not actually arguing that his assault and the excessive force are temporally distinct." Doc. 24 at 4.

The Court does not agree. It is not clear from the record that Plaintiff's successful prosecution of this action would suggest the invalidity of his conviction. Plaintiff did plead guilty to aggravated assault on Defendant (Doc. 8-2 at 2), but, like *Smith*, the record does not reveal the factual basis for Plaintiff's guilty plea. Plaintiff's proposed amended complaint alleges that he was shot with a Taser while lying on the ground in handcuffs, slammed to the ground twice while unconscious, and dragged twenty feet by the handcuffs while unconscious, and that Defendant cut him with a "taser dart." *See* Doc. 10. Accepting these allegations as true for purposes of this motion, it appears highly unlikely that Plaintiff's aggravated assault conviction was based on conduct that occurred while he was lying on the ground in handcuffs, being slammed to the ground while unconscious, or being dragged twenty feet while unconscious. Thus, it is possible that Plaintiff could prove a § 1983 violation that is temporally distinct from the events that led to his assault conviction. The Court cannot determine, on this record, that Plaintiff's proposed amendment would be futile under *Heck*.

**IT IS ORDERED** that Judge Aspey's R&R (Doc. 18) is **rejected**. Plaintiff's motion for leave to file an amended complaint (Doc. 12) is **granted**. Plaintiff shall file an amended complaint by **July 11, 2014**.

Dated this 13th day of June, 2014.

_____
David G. Campbell
United States District Judge

- 4 -