WO SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hearman Newton,<br><br>            Plaintiff,<br><br>vs.<br><br>City of Phoenix, et al.,<br><br>            Defendants. | No.  CV 13-1874-PHX-DGC (MEA)<br><br>**ORDER** |

Plaintiff Hearman Newton, who is a prisoner in the custody of the Arizona Department of Corrections, brought this civil rights case pursuant to 42 U.S.C. § 1983 against the City of Phoenix and Officer Michael Myers.  (Doc. 1.)  The remaining Defendant, Officer Myers, moves to dismiss, and Plaintiff opposes.[1]  (Docs. 8, 11.)

The Court will deny Defendant's motion to dismiss without prejudice.  In addition, the Court will affirm the Magistrate Judge's Order (Doc. 19) denying Plaintiff's motion seeking the appointment of counsel.

**I.    Background**

Plaintiff's claim arises out of his arrest on February 19, 2013.  On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a claim and directed

---

[1] The Court provided notice to Plaintiff regarding the requirements of a response. (Doc. 9.)

Myers to answer the Fourth Amendment excessive force claim in Count One and dismissed the remaining claims and Defendants. (Doc. 5.)

Defendant moves to dismiss on the ground that, based on Plaintiff's guilty plea to aggravated assault for events occurring on February 19, 2013, Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (Doc. 8.) Plaintiff filed a response claiming that excessive force was used after Plaintiff was subdued. (Doc. 11.) He also filed an Amended Complaint and a Motion to Amend his Complaint, which was opposed by Defendant. (Docs. 10, 12, 14.) Magistrate Judge Aspey issued a Report and Recommendation (R&R) regarding the Motion to Amend the Complaint, recommending denial of the Motion to Amend. (Doc. 18.)

On June 13, 2014, the district court rejected the R&R. (Doc. 27.) The Court noted that Plaintiff's proposed amended complaint alleges that he was shot with a Taser while lying on the ground in handcuffs, slammed to the ground twice while unconscious, and dragged twenty feet by the handcuffs while unconscious, and that Defendant cut him with a "taser dart." (*Id*. at 4; ref. Doc. 10.) The Court reasoned that it was unlikely that the aggravated assault conviction was based on such conduct and observed that, although Plaintiff plead guilty to aggravated assault on Defendant, the record does not reveal the factual basis for Plaintiff's guilty plea. (Doc. 27 at 4.) The Court gave Plaintiff until July 11, 2014 to file an amended complaint. (*Id*.)

In view of the procedural history of the case and the failure of Defendant's motion to demonstrate the factual basis for the plea to aggravated assault, the Court will deny Defendant's Motion to Dismiss, without prejudice.

**II.   Appointment of Counsel**

On May 8, 2014, the Magistrate Judge denied Plaintiff's Motion to Appoint Counsel. (Doc. 19; ref. Doc. 13.) Plaintiff filed a "Motion to 'Reconsider' for Appointment of Counsel," which the Magistrate Judge deemed as an appeal to its Order denying Plaintiff's motion seeking appointment of counsel. (Docs. 19, 21, 28.)

The Court will affirm the Magistrate Judge's decision denying Plaintiff's request for appointment of counsel. There is no constitutional right for an indigent to have appointed counsel in a civil case. *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980). Although 28 U.S.C. § 1915(e)(1) confers on a court the discretion to "request" counsel to represent an indigent civil litigant, this circuit has limited the exercise of that power to "exceptional circumstances," based upon such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity. *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir. 1990). Plaintiff offers nothing to show a likelihood of success, nor does he show any particular complexity of issues in this case. He merely asserts that he has limited knowledge of the law and limited access to a law library and that the case is likely to involve conflicting testimony. (Doc. 21.) The circumstances Plaintiff describes do not differ from those of other inmates who represent themselves and do not warrant appointment of counsel at this time.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion to Dismiss (Doc. 8) and Plaintiff's Appeal of Magistrate Judge Decision (Doc. 21);

(2) Defendant's Motion to Dismiss (Doc. 8) is **denied** without prejudice; and

(3) The Magistrate Judge's Decision (Doc. 19) denying appointment of counsel is **affirmed**.

Dated this 3rd day of July, 2014.

Honorable Steven P. Logan
United States District Judge